IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William A. Martin.,

    Plaintiff,

v.

Lowe's Home Centers, LLC,

    Defendant.

Case No: 2:19-cv-2051

Judge Graham

Chief Magistrate Judge Deavers

## Opinion and Order

This suit arises out of a motor vehicle accident.  Plaintiff William A. Martin, driving a 2012 Dodge Charger, was in a collision with a box truck registered to defendant Lowe's Home Center, LLC and driven by a Lowe's employee.  The two vehicles were stopped at a stoplight, aligned side-by-side in what should have been a single lane of traffic.  The Lowe's truck was on the left-hand side of the lane and the Charger was on the right-hand side.  When the light turned green, the drivers of both vehicles attempted to turn right.  As they turned, the Lowe's truck hit the front, driver's-side corner of the Charger.

Defendant moves for summary judgment, arguing that it is beyond dispute that Martin violated Ohio law by pulling his car up alongside the Lowe's truck, which arrived at the stoplight before he did.  For the reasons that follow, the motion for summary judgment is denied.

**I.    Background**

Martin works as a car salesman at Buckeye City Automotive, a used car dealership in Columbus, Ohio.  Martin Dep. at 10.  He routinely drives around town with the cars he is trying to sell, such as the Dodge Charger, in order to attract interest in them.  *Id.* at 14-15.

Martin was driving the Charger northbound on Lockbourne Road a little before noon on January 29, 2018.  *Id.* at 28-29; Doc. 8-1 at PAGEID 65 (police accident report noting that the accident occurred at 11:50 a.m.).  He was approaching the intersection of Lockbourne and East Whittier Street. Both streets are two-lane roads with no designated turn lanes and with one lane of traffic in each direction.  Martin Dep. at 28, 31, 50; Doc. 8-1 at PAGEID 69-70 (street-view images of the intersection).

The Lowe's truck, also heading northbound on Lockbourne Road, was stopped at a red light at the intersection when Martin approached. Martin Dep. at 29. Martin was behind another car that pulled to the right side of the lane – between the Lowe's truck on the left and the curb on the right – and turned right onto Whittier Street. *Id.* at 29-30.

The Lowe's truck did not have its turn signal on. *Id.* at 31. Seeing the car ahead of him successfully turn right, Martin thought he would follow suit. *Id.* at 30-31. Martin pulled the front of his car about even with the front of the truck. *Id.* at 32. The two vehicles sat side-by-side at the light for no more than five seconds. *Id.* at 33.

When the light turned green, both vehicles started to turn right. *Id.* at 33. According to Martin, the Lowe's truck did not pull forward in order to make a larger turning-radius; rather, "he just turned" right. Martin *Id.* at 35 ("He never pulled . . . . There wasn't no go up a make a wide turn, it was just turn right there . . . ."). Martin tried to avoid a collision by driving the front, passenger-side wheel up over the curb and onto the sidewalk. *Id.* at 33-34. But Martin could not get very far over because of a pole on the sidewalk. *Id.* at 35.

The front, passenger's-side wheel of the Lowe's truck made contact with the front, driver's side corner of the Charger. *Id.* at 36; Doc. 8-1 at PAGEID 68 (police accident report), PAGEID 71-76 (photographs of the damaged Charger). Martin believed the truck "was going faster than me [because] I was turning slow." Martin Dep. at 35. But he did not think that either vehicle was going over five miles per hour. *Id.* at 34-35.

The collision pulled the front bumper off of the Charger. *Id.* at 24; Doc. 8-1 at PAGE ID at 71-76. No damage to the Lowe's truck was reported. Doc. 81-1 at PAGEID 66.

Both drivers pulled their vehicles to the side of the road on Whittier. Martin Dep. at 40. Martin called the police, who arrived at 12:03 p.m. *Id.* at 38; Doc. 8-1 at PAGEID 65. The officer did not issue a citation because the drivers "gave conflicting stories." Doc. 8-1 at PAGEID 65.

Martin testified in his deposition that he began feeling pain and stiffness in his neck and side immediately after the accident. Martin Dep. at 43. According to the police report, Martin did not report any injuries. Doc. 8-1 at PAGEID 67. Martin was wearing a seatbelt at the time of the accident. Martin Dep. at 55. The airbag did not deploy. *Id.*.

Martin visited an emergency room about two days after the accident. *Id.* at 54. He does not remember the results of that visit. *Id.*

In February 2018, Martin began treatment at a chiropractor. *Id.* at 51-52. He received treatment to his neck, shoulder and back. *Id.* at 53-54. He received chiropractic treatment for three months. *Id.* at 53.

Martin has not received any other form of medical treatment since the chiropractic treatment. *Id.* at 56. He has no plans for future treatment. *Id.* When asked whether he has fully recovered from his injuries following the accident, Martin testified, "I don't know. I still [am] feeling sore, but it could be because I'm old." *Id.*; *see also id.* at 7 (Martin was 47 years old when his deposition was taken).

This suit was filed in state court in April 2019. Lowe's, a North Carolina corporation, removed the case to federal court on the grounds of diversity jurisdiction. 28 U.S.C. § 1332. The complaint asserts a claim for negligence and alleges that Martin expended "great sums of money for hospital and medical services" and for "extensive rehabilitation care." Compl., ¶ 9. Lowe's has moved for summary judgment.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

### III. Discussion

To prevail on a claim for negligence, plaintiff must prove the following elements: (1) the existence of a duty owed by the defendant to the plaintiff, (2) breach of the duty, (3) causation, and (4) damages. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707, 710 (1984).

Defendant moves for summary judgment solely on the grounds that Martin caused the accident – that he is fully liable for the accident because he violated a traffic law. As discussed below, there is evidence supporting the assertion that Martin violated a traffic law, but the Court finds that a jury should decide whether defendant's driver was negligent too and, if so, determine plaintiff's and defendant's respective shares of fault.

The evidence supports a conclusion that Martin violated a traffic law, even though the police officer did not cite him with an offense. On a roadway with a single lane for traffic traveling in the direction he was driving, Martin attempted to pass another vehicle on the right. He was allowed to do so under Ohio law only if the other vehicle was "making or about to make a left turn" and the roadway had "sufficient width" for the passing maneuver. O.R.C. § 4511.28(A) (Permission to overtake and pass on the right). Martin has not produced any evidence that he had reason to believe that the Lowe's truck was making or about to make a left turn. He in fact admitted in his deposition that he thought the Lowe's truck was going to go straight at the light. *See* Martin Dep. at 31. Thus, a jury could find that Martin violated a traffic law.

However, a violation of a traffic law does not necessarily make Martin liable for the accident. The violation of a traffic law may establish a breach of duty on plaintiff's part, but it is not

4

determinative of causation. *See Sikora v. Wenzel*, 88 Ohio St.3d 493, 496, 727 N.E.2d 1277, 1280-81 (2000). Even when a statutory violation constitutes negligence *per se*, it is "not equivalent to a finding of liability *per se*" because the issues of proximate cause and damages must be resolved. *Id.* (internal quotation marks omitted).

At most, defendant has shown that a jury could find that Martin was contributorily negligent. Under Ohio law, the contributory fault of a plaintiff does not bar recovery of "damages that have directly and proximately resulted from the tortious conduct of one or more other persons, if the contributory fault of the plaintiff was not greater than the combined tortious conduct of all other persons from whom the plaintiff seeks recovery." O.R.C. § 2315.33; *see also* O.R.C. § 2307.011(B) (defining "contributory fault" as "contributory negligence").

There is sufficient evidence from which a jury could find that defendant was at least fifty percent at fault for the accident. *See Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 646, 597 N.E.2d 504, 508 (1992) ("Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion."). In particular, a jury could find that the driver of defendant's truck also violated a traffic law. The operator of a motor vehicle shall not turn the vehicle unless he has given "an appropriate signal" and "has exercised due care to ascertain that the movement can be made with reasonable safety." O.R.C. § 4511.39(A). Martin testified that the driver of defendant's truck failed to use a turn signal to indicate his intention to turn right at the intersection.[1] *See* Martin Dep. at 31.

A jury could also draw a reasonable inference from the available evidence that defendant's driver failed to exercise due care in ascertaining if the turning movement could be safely made. Defendant has not submitted evidence to show that its driver visually checked to the right side of the truck or checked his side-view mirror to look for other vehicles before beginning to turn right. Martin testified that another vehicle ahead of him drove to the right of the Lowe's truck and turned right at the intersection. A jury could find that the driver of the Lowe's truck, if reasonably observant, should have seen that happen and would have been on notice that there was sufficient room in the lane for other drivers to believe they could make the same maneuver. Martin further testified that he pulled up alongside the Lowe's truck and waited at the light for several seconds. A jury could find that the Lowe's truck driver should have seen Martin's car and was negligent in attempting the turning move.

---

[1] Neither party has submitted any testimony or statements from the driver of defendant's truck. Martin's account of the accident is thus undisputed at the summary judgment stage.

5

Finally, a jury could find from the current evidence that defendant's driver was negligent because he had the last clear chance to avoid the accident. Under the last clear chance rule, a plaintiff, who by his own fault has caused himself to be placed in a perilous situation, may nonetheless recover "if the defendant did not, after becoming aware of plaintiff's perilous situation, exercise ordinary care to avoid injuring him." *See Cleveland Railroad Co. v. Masterson*, 126 Ohio St. 42, at ¶ 1 of Syllabus, 183 N.E. 873 (1932); *see also Mitchell v. Ross*, 14 Ohio App.3d 75, 77, 470 N.E.2d 245, 247-48 (Ohio Ct. App. 1984) (the last clear chance rule does not exist as a separate doctrine but has been merged into Ohio's comparative negligence scheme). Martin testified that when the stoplight turned green and he realized that the Lowe's truck was turning right, he attempted to avoid a collision by driving up on the curb as far as he could, but defendant's driver, who quite possibly should have seen him, turned directly into Martin's car and did not attempt to avoid the accident. *See* Martin Dep. at 33-34.

Because the evidence supports a finding that defendant's driver was negligent, a jury should determine the parties' respective shares of fault.

**IV.    Conclusion**

Defendant's motion for summary judgment (doc. 9) is denied.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 16, 2020